# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM H.,[1] | : | Case No. 3:21-cv-00219 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : | |

## DECISION AND ORDER

### I.      INTRODUCTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in November 2016. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for resolution of several issues. Upon remand, a different ALJ held a second hearing and issued a written decision, again concluding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review of that decision. Plaintiff subsequently filed this action.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 8), the Commissioner's Memorandum in Opposition (Doc. 12), Plaintiff's Reply (Doc. 13), and the administrative record (Doc. 7).

## II.  BACKGROUND

Plaintiff asserts that he has been under a disability since April 26, 2013. At that time, he was forty-two years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] He was forty-nine years and still a "younger person" at the time of the second administrative decision. *Id.* Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 7-2, PageID 38-54), Plaintiff's Statement of Errors (Doc. 8), the Commissioner's Memorandum in Opposition (Doc. 12), and Plaintiff's Reply (Doc. 13). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III.  STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

2

eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

IV. **FACTS**

    A. **The ALJ's Findings of Fact**

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since April 26, 2013, the alleged onset date.

| | |
|---|---|
| Step 2: | He has the severe impairments of "diabetes mellitus, chronic obstructive pulmonary disease (COPD), osteoarthritis of the bilateral knees, degenerative joint disease of the shoulders, obesity status post gastric bypass surgery, chronic pain syndrome, depression, and anxiety." |
| Step 3: | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 CFR § 404.1567(a) subject to the following limitations: "(1) never climbing ladders, ropes, or scaffolds; (2) occasionally climbing ramps and stairs, stooping, kneeling, crouching, and crawling; (3) frequently balancing; (4) occasionally reaching overhead; (5) can have occasional exposure to dusts, odors, fumes, and pulmonary irritants; (6) should avoid unprotected heights and dangerous machinery; (7) performing tasks that are not at a production rate pace and without strict performance quotas; (8) occasional interaction with supervisors, coworkers, and the general public; and (9) can tolerate occasional changes to a routine work setting defined as 1-2 per week." |
| | He is unable to perform his past relevant work. |
| Step 5: | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. |

(Doc. 7-2, PageID 41-54.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 54.)

### B. State Agency Psychological Consultants

State agency psychological consultant Karla Delcour, Ph.D. reviewed the record and completed a mental RFC assessment in January 2017. (Doc. 7-3, PageID 145-47.) Dr. Delcour opined that Plaintiff's anxiety would "impact [Plaintiff's] performance in

5

fast paced production" and that Plaintiff would be "capable of responding to occasional changes that did not require fast paced production." (*Id.* at PageID 146-47.) Dr. Delcour further opined that Plaintiff was limited to work that does "not require more than superficial and occ[asional] interaction w[ith] the general public or coworkers." (*Id.* at PageID 146.) Vicki Warren, Ph.D. reviewed the updated record at the reconsideration level. (*Id.* at PageID 177-79.) Dr. Warren affirmed Dr. Delcour's assessment, except that she also opined that Plaintiff was limited to carrying out "simple and moderately complex work tasks, in a non-fast paced work environment, without strict production quotas." (*Id.* at PageID 178.)

The ALJ gave "moderate weight" to the opinions of the State agency psychological consultants. (Doc. 7-2, PageID 45.) The ALJ reasoned:

> The opinion evidence provided by Drs. Delcour and Warren is entitled to moderate weight. Presuming an error with respect to their finding that [Plaintiff] has only a mild limitation in his ability to concentrate, persist, or maintain pace (given their restrictions at Exhibit 2A at 12 / 6A at 12), their suggested mental limitations as to stress tolerance, social functioning, and concentration deficits are consistent with the evidence of record and have generally been incorporated into the residual functional capacity as discussed at Finding No. 5 with changes to reflect vocationally defined terms. For example, "superficial" has been changed to reflect the vocationally defined term of "occasional" which is enough to ensure that any social contact [Plaintiff] would be required to have as part of his actual job duties would be sufficiently "superficial."

(*Id.*)

## V. LAW AND ANALYSIS

Plaintiff asserts the following errors:

1. The ALJ does not adequately consider Plaintiff's impairments under Listing 1.02.

6

> 2. The ALJ errs in his consideration of Plaintiff's cane use and leg elevation.
> 3. The ALJ errs in his weighing of the opinion evidence of record.
> 4. The ALJ's decision is not supported by substantial evidence and the Commissioner's position is not substantially justified.

(Doc. 8, PageID 1613.) Finding error in the ALJ's analysis of the opinions of the State agency psychological consultants, the Court does not address the remaining issues and instead instructs the ALJ to address all of them on remand.

### A. Applicable Law

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 404.1527 apply. These regulations require ALJs to adhere to certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(b), (c). Further, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The regulations define a "treating source" as a claimant's "own acceptable medical source who provides . . . medical treatment or evaluation and who has . . . an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1). The "treating physician" rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v.*

7

*Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004)).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Hargett*, 964 F.3d at 552 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[3]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

As for medical opinions from sources that are not "treating sources" as defined in 20 C.F.R. § 404.1527(a)(1), the ALJ must consider the following factors set forth for the

---

[3] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed his application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

evaluation of medical opinions: examining relationship; treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. § 404.1527(c).

A claimant's residual functional capacity (RFC) is the most she can do in a work setting despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is reserved for the ALJ. 20 C.F.R. § 416.946(c). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the RFC assessment on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). Relevant evidence includes "information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 SSR LEXIS 5, *5-6 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. at *20.

### B. The ALJ Reversibly Erred By Finding that Plaintiff is Capable of Occasional Interaction with Supervisors, Coworkers, and the Public, And The Error Was Not Harmless

Plaintiff challenges the ALJ's analysis of the State agency psychological consultants' opinions that Plaintiff was limited to superficial contact with the general public and coworkers. (Doc. 8, PageID 1619-20.) This assertion is well-taken.

The ALJ's analysis of the consultants' opinion fails for two reasons. First, the ALJ rejected the term "superficial" because it is purportedly not a "vocationally defined term." (*See* Doc. 7-2, PageID 45.) Yet although "superficial" is not specifically defined in

9

the DOT or in Social Security regulations, SSRs, or HALLEX, this Court has held that "superficial interaction" is a "well-recognized, work-related limitation." *See Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-cv-339, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.); *Swank v. Comm'r of Soc. Sec.,* No. 2:20-CV-2396, 2021 WL 1345420, at *5 (S.D. Ohio April 12, 2021) (Preston Deavers, M.J.), *report and recommendation adopted*, No. 2:20-CV-2396, 2021 WL 1909701 (S.D. Ohio May 12, 2021) (Graham, D.J.); *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 WL 3087639, at *5 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-CV-3820, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.).

Second, the ALJ erred by purporting to accommodate the "superficial" social contact restriction with a limitation to "occasional" social contact. The ALJ reasoned: "'[S]uperficial' has been changed to reflect the vocationally defined term of 'occasional' which is enough to ensure that any social contact the claimant would be required to have as part of his actual job duties would be sufficiently 'superficial.'" (Doc. 7-2, PageID 45.) But the two terms are not interchangeable. While "occasional contact" refers to the quantity of time spent with individuals, "superficial contact" goes to the quality of the interactions. And so limiting Plaintiff to "occasional contact" does not, in fact, ensure that any job duties would be "sufficiently 'superficial.'" The ALJ's conclusion that Plaintiff is capable of occasional interactions, without including a limitation that restricts him to superficial interactions, constitutes reversible error. *See Garvin v. Comm'r of Soc. Sec.*,

10

No. 2:20-cv-2566, 2021 WL 2200423, at *6 (S.D. Ohio June 1, 2021) (Deavers, M.J.), report and recommendation adopted, No. 2:20-cv-2566, 2021 WL 2533191 (S.D. Ohio June 21, 2021) (Sargus, D.J.), *citing, e.g., Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) (Vascura, M.J.), report and recommendation adopted sub nom. *Hutton v. Comm'r of Soc. Sec. Admin.*, No. 2:20-cv-339, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.) (reversing and remanding where ALJ explanation was lacking because "superficial interaction" is a well-recognized, work-related limitation); *Corey v. Comm'r of Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.).

Defendant argues that the ALJ did not err because he "only gave the opinions 'moderate weight' and explained the exclusion of the superficial limitation and still accommodated Plaintiff's need for limited social contact with the 'occasional' limitation . . . ." (Doc. 12, PageID 1650.) This assertion is not persuasive. To be clear, an ALJ is not required to adopt a medical opinion verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 156-57 (6th Cir. 2009). And even when an ALJ gives "great weight" to an opinion, "there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.,* 618 F. App'x 267, 275 (6th Cir. 2015). But although the

ALJ in this case gave the State agency psychological consultants' opinions only moderate weight, the ALJ's explanation shows that he failed to consider whether Plaintiff did, in fact, require a limitation to superficial social interactions. The ALJ did not apply any of the regulatory factors for the evaluation of opinion evidence to discount the superficial social limitation. *See* 20 C.F.R. § 404.1527(c). Instead, the ALJ erroneously discounted the superficial limitation solely because "superficial" is not a vocationally defined term. (Doc. 7-2, PageID 45.) But as discussed above, "superficial" and "occasional" are not interchangeable terms, and the ALJ 's limitation for "occasional" interaction did not accommodate for the State agency psychological consultant's opinion regarding limited social contact.  The ALJ's reason for discounting the "superficial" social limitation is unsupported by substantial evidence. Therefore the ALJ's RFC—which limits Plaintiff to "occasional" interactions—is also unsupported by substantial evidence.

The ALJ's failure to include the State agency psychological consultants' "superficial" social limitation in the RFC is not a harmless error. Significantly, the ALJ asked the vocational expert at the June 2020 hearing whether any jobs would be available to an individual with Plaintiff's vocational profile and with the RFC in the decision—but with light exertional restrictions. (Doc. 7-2, PageID 87-88.) The vocational expert replied that the limitation for "occasional" contact with the public prevented the performance of all light jobs and allowed for only one sedentary job. (*Id.* at PageID 88.) This is the job that the ALJ relied on at Step Five to conclude that Plaintiff is not disabled. (Doc. 7-2, PageID 53-54.) The ALJ did not ask any hypothetical questions to the vocational expert that also included a "superficial" social limitation. (*Id.* at PageID 87-89.)

12

The record is therefore unclear as to whether an additional limitation for superficial social contacts would further erode the sedentary occupational base. A finding of harmless error would impermissibly "invit[e] this court to perform a duty which is reserved to the ALJ. It is the ALJ, not the court, who must determine what jobs can be performed by plaintiff in light of her limitations." *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 WL 3087639, at *6 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-CV-3820, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.) (citation omitted). Thus, reversal is warranted.

## VI.    CONCLUSION

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the

13

record as necessary, particularly as to the opinions of the State agency psychological consultants, and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 8) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

　　　　　　　　　　　　　　　　　　*/s/ Caroline H. Gentry*
　　　　　　　　　　　　　　　　　　Caroline H. Gentry
　　　　　　　　　　　　　　　　　　United States Magistrate Judge