**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| WILLIAM H., | : | Case No. 3:21-cv-00219 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

**DECISION AND ORDER**

---

This matter comes before the Court upon Plaintiff's Motion for Allowance of

Attorney Fees (Doc. No. 18), which seeks an award of fees in the amount of $30,000.00

pursuant to 42 U.S.C. § 406(b)(1). The Commissioner neither supports nor opposes the

Motion. For the reasons set forth below, the Motion is **GRANTED**.

I.      **BACKGROUND**

Plaintiff's fee application is based upon his firm's work in two related cases filed

in this Court: (1) *William H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 3:21-cv-00219-

CHG (the "2021 Case"), and (2) *William H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No.

3:24-cv-00275-KLL (the "2024 Case").

In this case (the 2021 Case), the undersigned Magistrate Judge reversed the ALJ's

non-disability finding and remanded this case to the Commissioner under Sentence Four

of 42 U.S.C. § 405(g) for further proceedings. (2021 Case, Doc. No. 14, PageID# 1672.)

Upon the parties' joint motion (Doc. No. 16), the Court awarded attorneys' fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142(d), in the amount of $4,800.00. (2021 Case, Doc. No. 17.)

On remand, the ALJ found that Plaintiff was not disabled. (2024 Case, Doc. No. 7-11, PageID# 1611.) Plaintiff again sued the Commissioner in this Court and filed a Statement of Errors that identified three issues for review. (2024 Case, Doc. No. 8.) The parties then filed, and the Court granted, a joint motion to remand this matter for a second time back to the Commissioner for further proceedings. (2024 Case, Doc. Nos. 10, 11.) Upon the parties' joint motion, the Court awarded attorneys' fees to Plaintiff's counsel under EAJA in the amount of $5,200.00. (2024 Case, Doc. Nos. 13, 14.)

Upon remand, the Commissioner found that Plaintiff was disabled and awarded him disability benefits. (2021 Case, Doc. No. 18, PageID# 1687.) The Commissioner withheld 25 percent of Plaintiff's past due benefits, or $63,280.22, for application toward a contingent fee award.  (*Id*. at PageID# 1691.) For his firm's work in both cases, Plaintiff's counsel now seeks a contingency fee award under 42 U.S.C. § 406(b) in the amount of $30,000.00. Upon receipt of that amount, Plaintiff's counsel will remit the amount of his combined EAJA fees ($10,000.00) directly to Plaintiff. (*Id*.)

## II.    APPLICABLE LAW

If a Social Security claimant obtains benefits after filing an appeal in this Court, then his counsel may ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U.S.C. § 406(b)(1). The fee award may not exceed 25% of the past-due benefits, *id*., and it must only compensate counsel for work performed in the

federal court proceeding. *Horenstein v. Secretary of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). The Commissioner routinely withholds up to 25% of a claimant's past-due benefits to pay for such a fee award. *See* 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner … may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.").

However, even if a claimant agrees to pay his counsel a contingency fee award in the amount of 25% of past-due benefits, that amount is not automatically awarded. Instead, Plaintiff's counsel must show, and the Court must find, that the requested fee award is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (noting the Social Security Act "does not displace contingen[cy]-fee agreements" but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Therefore, a request for a contingency fee award in the amount of 25% of past-due benefits "is not to be viewed as *per se* reasonable," but instead shall be given "the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

To assist the Court with assessing the reasonableness of a request for attorney's fees, counsel ordinarily should submit a record of hours worked and a statement of his normal hourly billing rate for noncontingent-fee cases (if any). *Gisbrecht*, 535 U.S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). But even fee awards that reflect above-average hourly rates may be reasonable:

3

> It is not at all unusual for contingent fees to translate into large hourly rates
> …. In assessing the reasonableness of a contingent fee award, we cannot
> ignore the fact that the attorney will not prevail every time. The hourly rate
> in the next contingent fee case will be zero, unless benefits are awarded.
> Contingent fees generally overcompensate in some cases and
> undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). Thus, the rule in the

Sixth Circuit is that "[a] hypothetical hourly rate that is less than twice the standard rate is

*per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the

standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Notably, "a high effective hourly rate cannot **on its own** justify reducing a fee

award—district courts must provide additional reasoning." *Tucker v. Comm'r of Soc.*

*Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (emphasis in original). Therefore, in addition to

"consider[ing] the effective hourly rate in weighing reasonableness," *id*., the Court will

consider whether the requested fee should be reduced for other reasons. For example,

there may be evidence that counsel acted improperly or would receive a windfall due to

the discrepancy between relatively few hours worked and a sizeable award of past-due

benefits. *Gisbrecht*, 535 U.S. at 808; *Rodriquez*, 865 F.2d at 746. The Court will consider

the complexity and difficulty of the case, the results achieved, and whether any remand to

the Commissioner was the result of a joint stipulation or a court order. *Tucker*, 136 F.4th

at 644-45, 648. Finally, the Court will consider this guidance from the Sixth Circuit:

> Although we recognize that there are cases where the lawyer's unusual skill
> or diligence wins the case, typically the number of hours that are required
> to prosecute an appeal from the Secretary's determination will not vary
> greatly and will bear little if any relationship to the results achieved. Where
> a case has been submitted on boilerplate pleadings, in which no issues of
> material fact are present and where no legal research is apparent, the

benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

After determining the amount of a reasonable contingency fee award under the Social Security Act, 42 U.S.C. § 406(b)(1), the Court will order counsel to refund to Plaintiff all fees previously awarded under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

### III.    ANALYSIS OF PLAINTIFF'S MOTION

As instructed by *Gisbrecht* and *Rodriquez*, the Court begins its analysis with the text of the contingency fee agreement. It provides, in relevant part:

> …. Legal services rendered by Horenstein, Nicholson & Blumenthal, Attorneys at Law, shall be on a contingent fee basis…. If the first ALJ decision is a denial and the case is subsequently won following an appeal to the Appeals Council or Federal Court, the fee will be 25% of the back-benefits awarded or a minimum $3000.00, whichever is greater and will be sought by Fee Petition and will require approval by the Social Security Administration.

(2021 Case, Doc. No. 18, PageID# 1686.) "Contingent-fee contracts … [at] the 25 percent ceiling … are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Although this Court "is not bound to award recovery according to the stated [25% fee] agreement," the Court "should give close attention" to the agreement and treat it as a rebuttable presumption. *Rodriquez*, 865 F.2d at 746.

Next, the Court examines the hypothetical hourly rate requested for the work performed in the 2021 and 2024 Cases. Documentation from Plaintiff's counsel shows that attorneys worked 44 hours, and paralegals worked 10.75 hours, for a total of 54.75 hours that counsel's firm worked on both cases. (2021 Case, Doc. No. 18, PageID# 1722-24.) Counsel applied a hypothetical hourly rate of $547.95 to the total number of hours worked (54.75) to arrive at the requested amount of $30,000.00.[1] (*Id*. at PageID# 1682.)

The Court does not agree that the hypothetical hourly rate is $547.95. Courts take different approaches when the hypothetical hourly rate is based upon work performed by both attorneys and paralegals. *See Amanda G. v. Comm'r of Soc. Sec.*, No. 1:20-cv-987, 2024 U.S. Dist. LEXIS 141479, at *6 (S.D. Ohio Aug. 8, 2024) (Litkovitz, MJ) (citing cases). At one end of the spectrum, some courts ignore or subtract all paralegal hours based on a presumption that paralegals perform clerical work. *Id*. at *7. At the other end of the spectrum—which is what Plaintiff's counsel advocates here—some courts simply combine the attorney and paralegal hours, giving equal value to their work. *Id*. at *6.

This Court declines to follow either approach, as it finds that paralegals perform valuable and compensable work that is routinely billed at lower hourly rates than the rates charged by attorneys. Rather than apply an arbitrary hourly rate, the Court will adopt Magistrate Judge Litkovitz's suggestion and "include appropriate paralegal hours at half

---

[1] Alternatively, Plaintiff's counsel argues that the Court should consider his effective hourly rate to be $365.30 because he must remit Plaintiff's EAJA award offset of $10,000.00 directly to Plaintiff. (Doc. No. 18, PageID# 1682.) However, this Court has held that "the return of an EAJA fee … does not reduce the effective hourly [rate] sought but only prevents double recovery for the same work." *See Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 840 (S.D. Ohio 2018) (Bowman, MJ), *report and recommendation adopted* 295 F. Supp. 3d 816, 819 (S.D. Ohio 2018) (Barrett, DJ). Therefore, the Court will not reduce the hypothetical hourly rate to account for counsel's return of the EAJA awards.

the attorney hourly rate in calculating the effective hourly rate" when analyzing the reasonableness of a Section 406(b)(1) fee request. *Amanda G.*, 2024 U.S. Dist. LEXIS 141479, at *8. Thus, as she explains, the relevant mathematical calculation is (attorney hours * 2x) + (paralegal hours * x) = $ requested fee, with x being half the amount of the hourly attorney rate. *Id*. at n.3. Applying this calculation here, the hypothetical attorney hourly rate is $607.60 and the hypothetical paralegal hourly rate is $303.80.[2]

Attorney Robert Walter also submitted an affidavit that details his background and experience. He was admitted to the practice of law in the State of Ohio in 2008, and is a partner of the law firm Horenstein, Nicholson & Blumenthal, LPA. Beginning in 2010, Attorney Walter has devoted his practice to representing Social Security disability claimants in administrative proceedings before the Commissioner and in federal district courts. (2021 Case, Doc. No. 18, PageID# 1720-21.)

Plaintiff's counsel also submitted slip opinions that show this Court has awarded him similar hypothetical hourly rates in Social Security Disability cases. (2021 Case, Doc. No. 18, PageID# 1734-57 (attaching *Pencil v. Astrue*, Case No. 3:10-cv-394, slip op. (S.D. Ohio Sept. 24, 2012) (approving hypothetical hourly rate of $546.32); *Kitchen v. Comm'r of Soc. Sec. Admin.*, Case No. 3:09-cv-193, slip op. (S.D. Ohio Mar. 19, 2013) (adopting R&R that approved a hypothetical hourly rate of $548.59); *Madura v. Comm'r of Soc. Sec. Admin.*, Case No. 3:11-cv-118, slip op. (S.D. Ohio April 4, 2013) (approving hypothetical hourly rate of $473.84)).

---

[2] After solving the equation [(44 attorney hours * 2x) + (10.75 paralegal hours * x) = $30,000.00], the hypothetical paralegal hourly rate (x) is $303.80, and the hypothetical attorney hourly rate is $607.60.

Counsel also cited information from the Ohio State Bar Association that shows that in 2010, the average hourly rate for Dayton attorneys (75th percentile) was $250.00. (2021 Case, Doc. No. 18, PageID# 1683.) Counsel further asks the Court to apply a 9% inflation rate based upon the Consumer Price Index. (*Id*.) The resulting standard hourly rate is approximately $275.

Plaintiff's counsel also submitted documentation that shows the Commissioner withheld twenty-five percent of Plaintiff's past-due benefits, or $63,280.22. (2021 Case, Doc. No. 18, PageID# 1691.) The Court notes that although the contingency fee agreement permits counsel to seek a fee equal to this entire amount, counsel is instead seeking only $30,000, which is approximately 11.9% of the past-due benefit award.

After reviewing the materials submitted by counsel, the Court concludes that the hypothetical attorney hourly rate of $607.60 is reasonable for the work performed in this case, and that the requested fee award of $30,000.00 is also reasonable.

First, as noted above, there is a rebuttable presumption that a 25% contingency fee agreement is reasonable. The Court finds that counsel's request for less than half of that percentage (11.9%) is reasonable and it does not amount to a windfall.

Second, the Court finds that the hypothetical attorney hourly rate is reasonable in light of the skill and experience of Plaintiff's counsel.

Third, Plaintiff's counsel provided evidence from the Ohio State Bar Association's survey of 2010 billing rates, adjusted for inflation, which shows that an hourly rate of $275 is standard for Dayton attorneys (75th percentile). The requested hypothetical rate of $607.60 is slightly more than twice the standard hourly rate ($550). As noted above,

8

"[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. Here, the Commissioner did not argue against or object to the requested fee award. Absent rebuttal, the Court may presume that Plaintiff's hypothetical hourly rate is reasonable. *Id.*

Fourth, counsel's hypothetical hourly rate of $607.60 fits comfortably within the range of hypothetical hourly rates that judges in this district have found reasonable. *See, e.g., Twyla D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 U.S. Dist. LEXIS 40825, at *4 (S.D. Ohio Mar. 6, 2025) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $728.60 to attorney Michael Rake); *Jay V.N.I. v. Comm'r of Soc. Sec.*, No. 3:20-cv-365, 2024 U.S. Dist. LEXIS 98031, at *4 (S.D. Ohio June 3, 2024) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $814.74 to attorney Richard Brian); *Martha G. v. Comm'r of Soc. Sec.*, No. 1:19-cv-936, 2023 U.S. Dist. LEXIS 63838, at *6-7 (S.D. Ohio Apr. 11, 2023) (Bowman, MJ) (awarding hypothetical attorney hourly rate of $869.56 to attorney Edward Ahlers), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 77738 (S.D. Ohio, May 3, 2023) (Barrett, DJ).

Fifth, after reviewing the submitted billing record, the Court finds no indication that the time expended by Plaintiff's counsel was excessive or improperly charged.

Sixth, the Court has reviewed the proceedings in the 2021 and 2024 Cases to assess their complexity and difficulty, the results achieved, and whether the cases were remanded to the Commissioner because of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. In the 2021 Case, Plaintiff's counsel filed a thorough Statement of

Specific Errors that led to the Court's decision to reverse and remand the Commissioner's unfavorable decision. In the 2024 Case, Plaintiff's counsel similarly filed a thorough Statement of Specific Errors and the Commissioner responded by agreeing to remand the case rather than await a judicial decision on the merits. Plaintiff's counsel achieved excellent results in an economical fashion and there is no basis to reduce the amount of attorney's fees requested for the 2021 and 2024 Cases.

Seventh, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the undersigned finds that an award of $30,000.00 in the 2021 and 2024 Cases is reasonable.

Finally, counsel represents that the EAJA fee amounts that were awarded in the 2021 and 2024 Cases will be refunded to Plaintiff to prevent a double recovery of fees.

## V.     CONCLUSION

Upon review of Plaintiff's Motion and the supporting evidence, as well as the relevant legal authority, the Court finds that the requested fee award is reasonable. Accordingly, the Court **ORDERS** as follows:

1.     The Motion For Allowance of Attorney Fees (Doc. No. 18) is **GRANTED**.

2.     Plaintiff's counsel is **AWARDED** attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $30,000.00. This award shall compensate Plaintiff's counsel for his firm's work performed in this case (3:21-cv-219) and Plaintiff's later case (3:24-cv-275). The Commissioner shall **REMIT** this sum to Plaintiff's counsel from the percentage of Plaintiff's past-due benefits that was withheld.

3.      Plaintiff's counsel shall **REMIT** to Plaintiff, within fourteen (14) days of his receipt of this attorney's fee award, the EAJA awards in both this case (3:21-cv-219) and Plaintiff's later case (3:24-cv-275), which together total $10,000.

4.      The Commissioner shall **RELEASE** to Plaintiff the remaining funds that were withheld from his award of past-due benefits to pay his attorney's fees.

5.      This case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:  June 26, 2026                         _/s/ Caroline H. Gentry_
                                             Caroline H. Gentry
                                             UNITED STATES MAGISTRATE JUDGE

11